UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RICHARD FRANKLIN PHILLIPS, )
                                                          )
                      Plaintiff,              )
                                                          )
v.                                                  )            CV424-271
                                                          )
P. GLENN, *et al.*,                         )
                                                          )
                      Defendants.         )

## ORDER

*Pro se* plaintiff Richard Franklin Phillips filed this 42 U.S.C. § 1983 case alleging that officials at Coastal State Prison failed to protect him from an attack by another inmate and were deliberately indifferent to his serious medical needs. *See generally* doc. 1. The Court granted him leave to proceed *in forma pauperis* and directed him to return several forms. Doc. 4. He has returned the forms. Docs. 6 & 7. The Court screened his Complaint, found that it was deficient, and directed him to amend it. Doc. 9. Phillips complied. Doc. 11. He also requests that the Court accept the Amended Complaint as timely. *See* doc. 12. That request is **GRANTED**. Doc. 12. The Court, therefore, proceeds to screen his Amended Complaint. *See* 28 U.S.C. § 1915A. As explained below, Phillips' Amended Complaint fails to state a claim upon which relief can

1

be granted as to some Defendants, but as to others, it is sufficient for service.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Phillips' Amended Complaint alleges that, on November 17, 2023, he was moved to a new dorm at Coastal State Prison. Doc. 11 at 10. At approximately 11:00 p.m., he was approached by another inmate, who offered to sell him drugs. *Id.* He refused the offer. Shortly after his refusal, the other inmate hit him in the face and a third inmate, "a gang member friend," of his assailant joined in the assault. *Id.* Phillips fell and suffered a broken arm and also suffered a swollen eye and bloody

nose. *Id.* He was not able to get medical attention for his injuries until 6:30 a.m. the following morning. *Id.* The nurse gave him over-the-counter pain killers. *Id.* at 13. On November 20, Phillips' arm was x-rayed and the examining physician informed him that repair would require surgery. *Id.* at 14. He was scheduled for surgery the next day, but he was, instead, transported to multiple prisons and, eventually back to Coastal State Prison. *Id.* His arm was treated, presumably surgically, fourteen days later. *Id.* He alleges that he suffers ongoing effects from the injury to his arm and his eye. *Id.* at 16.

## I.      Failure to Protect

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotes and cites omitted). However, "[p]rison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency,' thereby rising to the level of a constitutional tort." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). The Eleventh Circuit has recently clarified that, to establish subjective recklessness, the plaintiff must show "that the

3

defendant was actually subjectively aware that his own conduct," whether action or inaction, "caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). Moreover, in the context of a failure-to-protect claim, the threat must rise to the level of "a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." *Brown*, 894 F.2d at 1537 (internal quotation marks and citation omitted). Generalized "risk" of altercations between prisoners is not sufficient. As this Court has observed: "Prisons are dangerous places because they are filled with people society has already deemed too dangerous to live amongst law abiding persons. Prisoners will always be at some risk of harm simply by being surrounded by these people. [Cit.] In order to trigger a failure-to-protect claim, a plaintiff must allege that the threat rose above the background danger." *Goodson v. Benton*, 2020 WL 975089, at *2 (S.D. Ga. Jan. 16, 2020) (citations omitted).

As this Court has explained, "[a]mple case law in this Circuit makes clear a plaintiff may show a substantial risk of serious harm in the context of establishing personal liability for failure to protect under either a particularized threat or a dangerous conditions theory . . . ."

4

*Hakeem v. Adams*, 2025 WL 918169, at \*5 (S.D. Ga. Mar. 26, 2025). Phillips clearly asserts both sorts of claim. However, his allegations are too vague and conclusory to state a claim upon which relief may be granted. As to the particularized risk, he only alleges that his assailant "had a history of a violent nature to other inmate, those of easy pr[e]y." Doc. 11 at 11. As to the "dangerous conditions," he alleges that there were no officers supervising the inmates at the time of his attack, "recent and on going events" at Coastal established a risk, and that "understaffing result[ed] in higher well documented levels of inmate violence." *Id* at 12. Other than vague and conclusory statements about the conditions, the only fact alleged is that the inmates were not under direct observation at the time of the attack. Those allegations are insufficient. *See, e.g., Williams v. Warden, Century Corr. Inst.*, 2025 WL 3635028, at \*5 (N.D. Fla. Oct. 16, 2025) (to support a dangerous conditions claim, "a plaintiff must point to specific features of a facility or its population that render it particularly violent."); *Jackson v. Bobbitt*, 2024 WL 841190, at \*4 (M.D. Ga. Feb. 28, 2024) ("Plaintiff's conclusory allegation that his dormitory needed 'better patrols' falls short of suggesting that [the prison] was an institution in which serious inmate-

on-inmate violence was the norm or something close to it or that pervasive staffing and logistical issues rendered prison officials unable to address near-constant violence." (internal quotation marks, alterations, and citations omitted)); *Brown v. Emmons*, 2023 WL 12088014, at *3 (N.D. Ga. Dec. 5, 2023) ("unadorned conclusory allegations" of dangerous condition, including "failing to staff the control booth in [plaintiff's] dormitory, where "the only specific incident referenced in the complaint is plaintiff's own[,] . . . are insufficient to state a claim." (citations omitted)).

## II.    Medical Care

"Federal and state governments . . . have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991). To establish an Eighth Amendment claim based on inadequate medical care, a plaintiff must allege facts sufficient to show that the defendants engaged in "acts or omissions sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." *Estelle*, 429 U.S. at 106. The objective component to deliberate indifference in this context, *see Wade*, 106 F.4th at 1262, requires that plaintiff allege

6

an objectively "serious medical need[–]one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (internal quotations and citations omitted).  Second, a plaintiff must show that the defendants acted with deliberate indifference to his serious medical need by demonstrating that the defendants were subjectively aware that their own inaction caused a substantial risk of serious harm and that the defendants unreasonably disregarded that risk.  *Wade*, 106 F.4th at 1262. If the defendants acted reasonably, they cannot be held liable under the Eighth Amendment.  *Id.*

As to the events prior to Phillips' alleged transfer, it is clear that his allegations amount to, at most, negligence.  As the Eleventh Circuit has explained:

> [a] prisoner bringing a deliberate-indifference claim has a steep hill to climb.  We have held, for instance, that the Constitution doesn't require that the medical care provided to prisoners be perfect, the best obtainable, or even very good. [Cit.]  Rather, medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.  [Cit.]  We have also emphasized—as have our sister circuits—that a simple difference in medical opinion between the prison's medical

staff and the inmate as to the latter's diagnosis or course of treatment fails to support a claim of cruel and unusual punishment. [Cit.]

*Keohane v. Florida Dept. of Corrs. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (internal quotation marks, alterations, and citations omitted). Given the high standard for deliberate indifference, "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (citation omitted). Although he alleges that "nothing was . . . done about [his] eye or nose," doc. 11 at 14, it is not clear that those conditions are serious medical needs, *see, e.g., Morehouse v. Vasquez*, 2020 WL 1049943, at *18 (S.D.N.Y. Mar. 4, 2020) (conditions, including "a black eye[, and] a bloody nose" were not sufficiently serious to state a deliberate indifference claim, and collecting cases), and Phillips' disagreement with the medical staff's determination that they did not require more aggressive treatment is not sufficient to state a claim, *see, e.g., Keohane*, 952 F.3d at 1266.

To the extent that Phillips claims that two specific defendants, Best and Adams, were deliberately indifferent when they proceeded to transport him from Coastal State Prison despite his protests that he was

8

scheduled for surgery, doc. 11 at 14, he has sufficiently alleged a deliberate indifference claim.  Phillips alleges that he specifically told Best that he was scheduled for surgery and she "said I would have surgery some other time." *Id.*  "[P]rison officials act withy deliberate indifference if they knowingly interfere with treatment prescribed by a physician." *Qamar v. C.I.A.*, 489 F. App'x 393, 396 (11th Cir. 2012) (citing *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988)).  As to Adams, Phillips alleges that his broken arm was sufficiently obvious that his medical need was clear, even to a lay person.  Adams' failure to address that obvious condition states a sufficient claim to be served upon Defendant.  *See, e.g., Melton v. Abston*, 841 F.3d 1207, 1222 (11th Cir. 2016), *abrogated on other grounds by Wade*, 106 F.4th 1251.

In summary, Phillips' failure-to-protect claim is **DISMISSED**.  His deliberate-indifference claims arising out of events prior to his transfer are also **DISMISSED**.  His deliberate indifference claims against Defendants Best and Adams are sufficient for service on those defendants.  Since no other defendant is implicated in the claims that will be served, the remaining defendants are **DISMISSED**.

Since Phillips has been authorized to proceed *in forma pauperis*, he is entitled to service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). Since the Court approves his deliberate indifference claim for service, a summons, a copy of his Complaint, doc. 1, the Court's prior Order, doc. 9, the Amended Complaint, doc. 11, and this Order, shall be served by the United States Marshal upon Defendants Best and Adams without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure

to return the waiver.  Fed. R. Civ. P. 4(d).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination.  Fed. R. Civ. P. 30(a)(2).  Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer.  Local R. 26.1.  Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any.  Defendants shall present such questions to the witness in order and word-for-word during the deposition.  Fed. R. Civ. P. 30(c).  Plaintiff must submit the questions

11

in a sealed envelope within 10 days of the notice of deposition.

## INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1.  Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney).  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel.  Fed. R. Civ. P. 5.  "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."  Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery.  *See generally* Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37.  Discovery materials should **not** be filed

12

routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant.   Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.  A plaintiff proceeding

13

without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically

controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED**, this 26th day of March, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

15